# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BORISLAV CUCKOVIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-02578-TWP-TAB |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on *pro se* Petitioner Borislav Cuckovic's ("Mr. Cuckovic") Petition for a Writ of Habeas Corpus challenging his conviction in prison disciplinary case WVD 17-10-0025 (Dkt. 1). For the reasons explained in this Entry, Mr. Cuckovic's petition must be **denied**.

## I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.   THE DISCIPLINARY PROCEEDING

This habeas action concerns Mr. Cuckovic's disciplinary conviction on June 15, 2018, for trafficking in violation of Code 113.  Mr. Cuckovic was found guilty at a disciplinary hearing, but the Indiana Department of Correction ("IDOC") later vacated his disciplinary conviction and sanctions and set the matter for rehearing.  Mr. Cuckovic's habeas petition concerns only the rehearing.

On September 27, 2017, Officer Travis Davis wrote the following report of investigation:

On 9/27/2017, Officer Aaron McQuaid was stopped before entering the facility by Office of Investigation and Intelligence (OII) staff. During an interview with McQuaid, he admitted to bringing in 50 suboxone strips for $500 to Offender Borislav Cuckovic #221558. Before McQuaid admitted this, his vehicle was searched by OII staff. During the search, 2 cell phones were found. McQuaid admitted the 2nd cell phone was purchased, so he could communicate with a person on the streets who was associated with Cuckovic. McQuaid stated the person went by the name "Lulu" and McQuaid described him as a black male. McQuaid stated he met Lulu in the oil section at the Vincennes Walmart on Sept 9, 2017. This corresponds with a text found on the 2nd phone from number 1-812-457-4802. The text stated, "I'm 22 miles away". McQuaid stated that was Lulu's phone number and the only number on the phone. Another text sent to Lulu from McQuaid on 9/25/17, stated "Did bullet ever get at you? About the next drop?". McQuaid identified "Bullet" as the nickname for offender Cuckovic. This nickname has been associated with Cuckovic in past cases and is also listed on his Security Threat Group profile as his nickname. Lulu replies back to McQuaid, "Na not yet did the last one go alright" and McQuaid responds "It went Great".

McQuaid admitted to wrapping the suboxone in saran wrap and placing it in his belly button. He stated when he arrived in GHU, where Cuckovic is housed, he placed the suboxone in a toilet paper and handed it to Cuckovic.

(Dkt. 12-3.)

On June 4, 2018, Officer Davis wrote the following conduct report charging Mr. Cuckovic with trafficking:  "On 9/27/17, during an interview in the Office of Investigations and Intelligence, Officer Aaron McQuaid admitted to trafficking in to the facility 50 suboxone strips giving the strips to offender Borislav Cuckovic #221558. See attached investigation report for my detailed evidence and support of the incident."  (Dkt. 12-1.)

2

      WVD 17-10-0025 proceeded to a hearing on June 15, 2018. (Dkt. 12-8.) According to the hearing officer's report, Mr. Cuckovic made the following statement in his defense: "There is no actual evidence that connects me to McQuaid. No drugs found, no large amounts of money on my account, passed piss test. The only connection is his word against mine. More than one Bullet." (Dkt. 12-8 at 1.) The same report indicates that the hearing officer reviewed the following evidence: the conduct report, the report of investigation, eight pictures of the cell phone messages described in the report of investigation, a video recording of McQuaid's OII interview, Mr. Cuckovic's statement, a list of inmates' security threat group nicknames and bed locations, and confirmation of McQuaid's post assignment. *Id.*

      The hearing officer found Mr. Cuckovic guilty and provided the following explanation:

> DHO viewed OII interview with McQuaid. Offender was always referred to as "Cuckovic" during interview. Offender received copies of cell phone text, video summary, DHO confirmed Ofc. McQuaid was assigned to GHU at time offender was housed in GHU (place of incident)
>
> DHO reviewed STG Moniker, identified 2 other "Bullett"—OIS bed locations revealed (1) never housed in GHU (1) transfer from WVE 2015. The fact that Ofc. McQuaid implicated himself criminally to a crime with specific ID to "Cuckovic"
>
> Guilty

*Id.* at 1, 2.

      The hearing officer assessed sanctions, including the loss of 180 days' earned credit time and a demotion in credit-earning class. *Id.* at 1. Mr. Cuckovic's administrative appeals were unsuccessful. (Dkts. 12-11, 12-12.)

### III.  ANALYSIS

      Mr. Cuckovic challenges his disciplinary conviction on three grounds. First, he says, no physical evidence supported the hearing officer's decision. Second, Officer Davis wrote a new conduct report after WVD 17-10-0025 was set for rehearing rather than reissuing the original

3

conduct report. Finally, Mr. Cuckovic argues that he was wrongly denied video evidence. For the reasons discussed below, none of these arguments present a basis for habeas relief.

**A.      Sufficiency of the Evidence**

Mr. Cuckovic argues that his disciplinary conviction lacked sufficient evidentiary support because no evidence *proved* that he trafficked suboxone. As Mr. Cuckovic notes, he was never found to be in possession of the drugs, and no evidence confirmed conclusively that he communicated with McQuaid or Lulu. Instead, Mr. Cuckovic states, the hearing officer found him guilty based entirely on McQuaid's word.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Cuckovic's own argument—that he was found guilty based entirely on McQuaid's word—demonstrates that "some evidence" supported his conviction. The report of investigation documents that McQuaid was caught bringing suboxone into the prison and that he stated he was bringing it to Mr. Cuckovic. This alone is "some evidence" supporting the hearing officer's guilty finding.

Additionally, McQuaid's testimony was not the only evidence of Mr. Cuckovic's guilt. The record includes extensive information about communications among McQuaid, Lulu, and "Bullet."

4

Moreover, the hearing officer independently confirmed that Mr. Cuckovic was the only inmate known as "Bullet" in the unit where he lived and McQuaid worked.

Mr. Cuckovic raises numerous rational evidentiary challenges to the hearing officer's decision—that he was never found with drugs, that he never tested positive for using drugs, and more. The hearing officer might reasonably have found Mr. Cuckovic innocent based on those arguments. But this Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Because "some evidence" supports the hearing officer's decision, it had all the evidentiary support due process required.

**B.** <u>Revision of Conduct Report</u>

Mr. Cuckovic argues that he was denied due process because the conduct report presented to the hearing officer during the rehearing was different from the conduct report that initiated the original disciplinary proceeding. It is not clear what due process right Mr. Cuckovic believes this violated, but the law makes clear that it is not a ground for habeas corpus relief.

To the extent Mr. Cuckovic alleges that differences between the first and second conduct reports weaken the strength of the evidence against him, the Court has already found that sufficient evidence supported his disciplinary conviction.

To the extent Mr. Cuckovic alleges that revising the conduct report violated a rule established by the prison or the IDOC, such a violation does not deprive an inmate of due process. *See, e.g.*, *Sandin v. Conner,* 515 U.S. 472, 481–82 (1995) (prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates."); *Estelle v. McGuire ,* 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no

5

basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

Finally, to the extent Mr. Cuckovic alleges that revising the conduct report violated his constitutional protection against double jeopardy, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta,* 105 F. App'x 855, 858 (7th Cir. 2004).

## C. Denial of Video Evidence

Mr. Cuckovic argues in his reply that the prison staff did not "show the video of the day that the offending officer gave" him the contraband, "nor did they have it in the report." (Dkt. 18 at 3.) It is unclear whether Mr. Cuckovic refers to the video of Officer McQuaid's interview (which has been filed *ex parte* in this action), surveillance video of Mr. Cuckovic's exchange with Officer McQuaid (which is not described anywhere in the record), or both. Regardless, this argument is problematic for several reasons.

First and foremost "[a]rguments raised for the first time in a reply brief are waived." *Stechauner v. Smith*, 852 F.3d 708, 721 (7th Cir. 2017).

Moreover, Mr. Cuckovic did not raise the denial of video evidence as a ground for relief in his administrative appeals, so he is barred from raising it in this habeas action. (*See* Dkt. 12-11); *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state

6

administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted).

Finally, the right to present evidence to an impartial decisionmaker extends only to material, exculpatory evidence. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). To the extent Mr. Cuckovic argues he was wrongly denied video of Officer McQuaid's interview, he seeks evidence that is not exculpatory. The Court has reviewed the video *in camera*, and it is accurately described in Officer Davis' report of investigation (Dkt. 12-3), and the hearing officer's video summary (Dkt. 12-9). The interview video does not include evidence that undermines Mr. Cuckovic's disciplinary conviction or raises any probability of a different result.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Cuckovic's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Cuckovic's Petition for a Writ of Habeas Corpus (Dkt. [1]), must be **DENIED** and the action **DISMISSED with prejudice**.

Mr. Cuckovic's motion requesting information on the status of this case, (Dkt. [22]), is **GRANTED** with the issuance of this Order. Mr. Cuckovic's Motion to Produce Respondent's Evidence Exhibit "G" That is Maintained Under Seal, (Dkt. [25]), is **DENIED** for the reasons discussed in Part III(C) above.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/8/2020

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Borislav Cuckovic, #221558
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana 46391

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL'S OFFICE
marjorie.lawyer-smith@atg.in.gov